**Rick GREMMINGER, Petitioner,**

v.

**Clyde V. BILLINGS, Senior Supervisor of the Kansas City District of the Missouri State Board of Probation and Parole, Respondent.**

**No. 59213.**

Supreme Court of Missouri, En Banc.

Sept. 13, 1976.

Douglas N. Merritt, Kansas City, for petitioner.

Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

Rick Gremminger filed an original petition for writ of habeas corpus in this court naming James Bergfalk, director of the Jackson county department of corrections as respondent, seeking release from the Jackson county jail on the ground that an ex parte order of a magistrate judge continuing his probation for one additional year was invalid because he was not given notice

and a hearing prior to the extension order. Petitioner contends the extension of probation by the magistrate judge without notice and hearing was a denial of due process as guaranteed by the Fourteenth Amendment to the United States Constitution, and Art. I, sec. 10, Mo.Const.

Clyde V. Billings, supervisor of the Kansas City district of the Missouri state board of probation and parole, has been substituted as respondent because on September 22, 1975, petitioner was released from the Jackson county jail on order of the magistrate judge following a probation revocation hearing and returned to probation status under the supervision of the present respondent.

 Respondent filed a return but petitioner did not file any answer or response. The return therefore will be taken as accurately stating the facts.

On August 13, 1974, petitioner pleaded guilty before Magistrate Judge Stitt in Jackson county, Missouri, to the offense of possession of less than 35 grams of marijuana. He was sentenced to one year in the Jackson county correctional institution. Execution of sentence was suspended and petitioner was placed on probation for one year. A special condition of probation was that petitioner maintain steady employment. Petitioner failed to maintain steady employment. On August 11, 1975, two days before the probation was due to expire, the magistrate extended the probation for one year in an ex parte order. On August 12, 1975, petitioner was directed to enter into and complete the Salvation Army employment program because of the lack of motivation which he showed in gaining and maintaining employment during the probation period. Petitioner did not cooperate and did not actively seek employment. Therefore, on August 18, 1975, petitioner agreed to enter the Model Inmate Employment Program by August 22, 1975, if he failed to have a job by that date. On August 22, 1975, petitioner had no job and was taken into custody and taken to the Jackson county jail for placement in the Model Inmate Employment Program. On

September 10, 1975, the magistrate released petitioner from jail because of the petition for writ of habeas corpus filed in this court. On September 22, 1975, Judge Stitt held a probation revocation hearing and continued petitioner on probation.

Several weeks before the probation extension order of August 11, 1975, was entered, petitioner's probation officer thoroughly explained to petitioner that he (probation officer) was requesting an extension of petitioner's probation. Petitioner did not request a hearing. After probation was extended, petitioner was promptly notified of that fact.

The issues presented by this case have been discussed and decided in *Ockel v. Honorable James T. Riley, et al.*, 541 S.W.2d 535 (Mo. banc 1976), [No. 59249 decided concurrently herewith].

The writ of habeas corpus heretofore issued is quashed. *Ockel v. Riley, supra.*

All of the Judges concur.